UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------x

ELTON JOHNSON and NATALIE VAN COOTEN,

Plaintiffs,

-against-

THE CITY OF NEW YORK, POLICE OFFICER
MICHAEL SHREVE, Shield No. 11336, and JOHN and
JANE DOE 1 through 3, Individually and in their official
capacities (the names John andJane Doe being fictitious, as
the true names are presently unknown),

Defendants.

------------------------------------------------------------------x

**COMPLAINT**

Jury Trial Demanded

Plaintiffs, ELTON JOHNSON and NATALIE VAN COOTEN, by their attorney,

EDWARD FRIEDMAN, complaining of the defendants, respectfully allege as follows:

## PRELIMINARY STATEMENT

1.     Plaintiffs bring this action for compensatory damages, punitive damages and

attorney's fees pursuant to 42 U.S. §§ 1983 and 1988 for violation of the plaintiffs' civil

rights, as said rights are secured by said statutes and the Constitution of the State of New

York and the United States.

## JURISDICTION

2.     The action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth

and Fourteenth Amendments to the United States Constitution.

3.     Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

## VENUE

4.     Venue is properly laid in the Eastern District of New York under 28 U.S.C.

§1391(b), in that it is the District in which the claim arose.

## JURY DEMAND

5.     Plaintiffs respectfully demand a trial by jury of all issues in the matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6.     Plaintiffs ELTON JOHNSON and NATALIE VAN COOTEN are legal residents of the United States and residents of the State of New York.

7.     Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.     Defendant CITY OF NEW YORK maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, City of New York.

9.     That at all times hereinafter mentioned, the defendants, MICHAEL SHREVE and JOHN and JANE DOE 1 Through 3 were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10.    That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the officials rules, regulations, laws, statutes, customs, usages and/or practices of the State or

2

City of New York.

11.    Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

12.    Each and all of the acts to be alleged herein were done by said individuals while acting in furtherance of their employment by defendant CITY OF NEW YORK.

## FACTS

13.    On February 1, 2013 at approximately 10:50 P.M plaintiff ELTON JOHNSON was lawfully seated in the passenger seat and plaintiff NATALIE VAN COOTEN was lawfully seated in the passenger seat of a motor vehicle at, on or near Furman Avenue at Bushwick Avenue, in the County of Kings, City of New York.

14.    At the aforesaid time and place, the defendants, members of the New York City Police Department, unlawfully and without reasonable suspicion or probable cause approached the plaintiffs' vehicle and arrested them for criminal possession of a weapon. Neither plaintiff was in possession of a weapon at the time of the arrest and there was no weapon contained in the vehicle that they were driving in. The plaintiffs were taken to the 73rd Precinct, and subsequently to Central Booking in Kings County, City and State of New York, where they were arraigned on charges of Criminal Possession of A Wepon in the Second and Fourth Degree . Plaintiffs were held in custody for approximately 24 hours until the were released on their own recognizance on February 2, 2013.  Defendants caused

3

plaintiffs to be prosecuted until August 31, 2013 when all charges were dismissed on the merits.

15.     As a result of the foregoing, plaintiffs, ELTON JOHNSON and NATALIE VAN COOTEN, sustained, *inter alia*, emotional distress, embarrassment, and humiliation, and deprivation of their constitutional rights.

**FEDERAL CLAIMS**

**AS AND FOR A FIRST CAUSE OF ACTION**
**ON BEHALF OF PLAINTIFF ELTON JOHNSON**
(Deprivation of Rights Under 42 U.S.C.§1983)

16.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "15" with the same force and effect as if fully set forth herein.

17.     All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of State law.

18.     All of the aforementioned acts deprived plaintiff ELTON JOHNSON of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States, and in violation of 42 U.S.C. §1983.

19.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

20.     The acts complained of were carried out by the aforementioned individual

4

defendants in their capacities as police offices, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

21.    Defendants, collectively and individually, while acting under color of State law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

22.    As a result of the aforementioned conduct of defendants, plaintiff ELTON JOHNSON was injured.

### AND FOR A SECOND CAUSE OF ACTION
### ON BEHALF OF PLAINTIFF ELTON JOHNSON
(False Arrest Under 42 U.S.C. §1983)

23.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs number "1" through "22" with the same force and effect as if fully set forth herein.

24.    The defendants unlawfully arrested the plaintiff against his will without probable cause.

25.    As a result of the foregoing, plaintiff was deprived of his Fourth and Fourteenth Amendment rights.

### AS AND FOR A THIRD CAUSE OF ACTION
### ON BEHALF OF PLAINTIFF ELTON JOHNSON
(Malicious Prosecution Under 42 U.S.C.§1983)

26.    Plaintiff repeats, reiterates and realleges each and every allegation contained

5

in paragraphs numbered "1" through "25 with the same force and effect as if fully set forth herein.

27.     Defendants initiated, commenced and continued a malicious prosecution against the plaintiff by providing false and/or misleading information to the Kings County District Attorney's Office.

28.     As a result of the aforementioned conduct of defendants, plaintiff ELTON JOHNSON  was injured.

### AS AND FOR A FOURTH CAUSE OF ACTION
### ON BEHALF OF PLAINTIFF ELTON JOHNSON
#### (Supervisory Liability Under 42 U.S.C. §1983)

29.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs number "1" though "28" with the same force and effect as if fully set forth herein.

30.     The supervisory defendants personally caused plaintiff's constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to property supervise and train their subordinate employees.

31.     As a result of the aforementioned conduct of defendants, plaintiff ELTON JOHNSON was injured.

### AS AND FOR A FIFTH CAUSE OF ACTION
### ON BEHALF OF PLAINTIFF ELTON JOHNSON
#### (Failure To Intervene Under 42 U.S.C. §1983)

32.     Plaintiff repeats, reiterates and realleges each and every allegation contained

in paragraphs number "1" through "31" with the same force and effect as if fully set forth herein.

33..    Defendants had an affirmative duty to intervene on behalf of plaintiff ELTON JOHNSON whose constitutional rights were being violated in their presence by other officers.

34.    The defendants failed to intervene to prevent the unlawful conduct described herein.

35.    As a result of the foregoing, plaintiff 's liberty was restricted for an extended period of time, he was put in fear of his safety, and he was humiliated and subjected to handcuffing and other physical restraints.

### .AS AND FOR A SIXTH   CAUSE OF ACTION
### ON BEHALF OF PLAINTIFF ELTON JOHNSON
#### (Municipal Liability Under 42 U.S.C. §1983)

36.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "35" with the same force and effect as if fully set forth herein.

37.    Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

38.    The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York Police Department included, but were not limited to, a de facto

7

blanket policy, custom or practice of encouraging the unlawful arrests, detention and use of excessive force against young African-American males by the NYPD. In Addition, the City of New York engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training and supervising its employees that was the moving force behind the violation of plaintiff ELTON JOHNSON's rights as described herein. As a result of the failure of the City of New York to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

39.    The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff...

40.    The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff ELTON JOHNSON as alleged herein.

41.    The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiff as alleged herein.

42.    As a result of the foregoing customs, policies, usages, practices, procedures

8

and rules of the city of new York and the New York City Police Department, plaintiff ELTON JOHNSON was unlawfully stopped, seized, detained and incarcerated.

43.     Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff ELTON JOHNSON's constitutional rights.

44.     All of the foregoing acts by defendants deprived plaintiff ELTON JOHNSON of federally protected rights, including, but not limited to, the right:

      A.     To be free from false arrest and malicious prosecution;

      B.     To be free from the failure to intervene.

48.     As a result of the foregoing, plaintiff ELTON JOHNSON   is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury.

## FEDERAL CLAIMS

### AS AND FOR A SEVENTH CAUSE OF ACTION
### ON BEHALF OF PLAINTIFF NATALIE VAN COOTEN
(Deprivation of Rights Under 42 U.S.C.§1983)

49.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "48" with the same force and effect as if fully set forth herein.

50.     All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of State law.

51.     All of the aforementioned acts deprived plaintiff NATALIE VAN COOTEN

9

of the rights, privileges and immunities guaranteed to citizens of the United States by the

Fourth and Fourteenth Amendments to the Constitution of the United States, and in violation

of 42 U.S.C. §1983.

52.     The acts complained of were carried out by the aforementioned individual

defendants in their capacities as police officers, with the entire actual and/or apparent

authority attendant thereto.

53.     The acts complained of were carried out by the aforementioned individual

defendants in their capacities as police offices, pursuant to the customs, usages, practices,

procedures, and the rules of the City of New York and the New York City Police

Department, all under the supervision of ranking officers of said department.

54.     Defendants, collectively and individually, while acting under color of State

law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the

respective municipality/authority, which is forbidden by the Constitution of the United States.

55.     As a result of the aforementioned conduct of defendants, plaintiff NATALIE

VAN COOTEN  was injured.

### AND FOR AN EIGHTH CAUSE OF ACTION
### ON BEHALF OF PLAINTIFF NATALIE VAN COOTEN
(False Arrest Under 42 U.S.C. §1983)

56.     Plaintiff repeats, reiterates and realleges each and every allegation contained

in paragraphs number "1" through "55" with the same force and effect as if fully set forth

herein.

10

57.     The defendants unlawfully arrested the plaintiff against her will without probable cause.

58.     As a result of the foregoing, plaintiff was deprived of her Fourth and Fourteenth Amendment rights.

### AS AND FOR A NINTH CAUSE OF ACTION
### ON BEHALF OF PLAINTIFF NATALIE VAN COOTEN
(Malicious Prosecution Under 42 U.S.C.§1983)

59.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "58 with the same force and effect as if fully set forth herein.

60.     Defendants initiated, commenced and continued a malicious prosecution against the plaintiff by providing false and/or misleading information to the Kings County District Attorney's Office.

61.     As a result of the aforementioned conduct of defendants, plaintiff NATALIE VAN COOTEN   was injured.

### AS AND FOR A TENTH CAUSE OF ACTION
### ON BEHALF OF PLAINTIFF NATALIE VAN COOTEN
(Supervisory Liability Under 42 U.S.C. §1983)

62.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs number "1" though "61" with the same force and effect as if fully set forth herein.

63.     The supervisory defendants personally caused plaintiff's constitutional injury

11

by being deliberately or consciously indifferent to the rights of others in failing to property

supervise and train their subordinate employees.

    64.    As a result of the aforementioned conduct of defendants, plaintiff NATALIE

VAN COOTEN was injured.

## AS AND FOR AN ELEVENTH CAUSE OF ACTION
## ON BEHALF OF PLAINTIFF NATALIE VAN COOTEN
(Failure To Intervene Under 42 U.S.C. §1983)

    65.    Plaintiff repeats, reiterates and realleges each and every allegation contained

in paragraphs number "1" through "64" with the same force and effect as if fully set forth

herein.

    66..    Defendants had an affirmative duty to intervene on behalf of plaintiff

NATALIE VAN whose constitutional rights were being violated in their presence by other

officers.

    67.    The defendants failed to intervene to prevent the unlawful conduct described

herein.

    68.    As a result of the foregoing, plaintiff 's liberty was restricted for an extended

period of time, he was put in fear of his safety, and he was humiliated and subjected to

handcuffing and other physical restraints.

## .AS AND FOR A TWELFTH  CAUSE OF ACTION
## ON BEHALF OF PLAINTIFF NATALIE VAN COOTEN
(Municipal Liability Under 42 U.S.C. §1983)

    69.    Plaintiff repeats, reiterates and realleges each and every allegation contained

in paragraphs numbered "1" through "68" with the same force and effect as if fully set forth herein.

70. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

71. The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York Police Department included, but were not limited to, a de facto blanket policy, custom or practice of encouraging the unlawful arrests, detention and use of excessive force against young African-Americans by the NYPD. In Addition, the City of New York engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training and supervising its employees that was the moving force behind the violation of plaintiff NATALIE VAN COOTEN's rights as described herein. As a result of the failure of the City of New York to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

72. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff...

73. The foregoing customs, policies, usages, practices, procedures and rules of the

City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff NATALIE VAN COOTEN as alleged herein.

74.     The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiff as alleged herein.

75.     As a result of the foregoing customs, policies, usages, practices, procedures and rules of the city of new York and the New York City Police Department, plaintiff NATALIE VAN COOTEN was unlawfully stopped, seized, detained and incarcerated.

76.     Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff NATALIE VAN COOTEN's constitutional rights.

77.     All of the foregoing acts by defendants deprived plaintiff NATALIE VAN COOTEN of federally protected rights, including, but not limited to, the right:

    A.     To be free from false arrest and malicious prosecution;

    B.     To be free from the failure to intervene.

78.     As a result of the foregoing, plaintiff NATALIE VAN COOTEN is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury.

    WHEREFORE, plaintiffs demand judgment and pray for the following relief, jointly

and severally, against the defendants:

      A.     Full and fair compensatory damages for each plaintiff in  an amount to be

determined by a jury;

      B.     Punitive damages for each plaintiff in an amount to be determined by a jury;

      C.     Reasonable attorney's fees and the costs and disbursements of their actions;

and

      D.     Such other and further relief as appears just and proper.

Dated:  Brooklyn, New York
        March 17          , 2014

                           EDWARD FRIEDMAN (EDF 4000)
                           Attorney for Plaintiff

                           26 Court Street - Suite 1903
                           Brooklyn, New York   11242
                           (718) 852-8849

15